**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-03027-RM-MEH

CYPH, INC.,

                      Plaintiff,

    v.

ZOOM VIDEO COMMUNICATIONS, INC.,

                      Defendant.

**REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

**I.     INTRODUCTION**

Cyph opposition—which fails to identify a single relevant nexus between this matter and the District of Colorado—confirms that this case should be transferred to the Northern District of California. Cyph has not identified a single relevant witness in Colorado, nor has it identified any sources of proof in Colorado. Cyph likewise does not dispute that numerous relevant witnesses and sources of proof are located in the Northern District of California, where Zoom is headquartered. Nor does Cyph dispute that it has no connection whatsoever to Colorado.

Instead, Cyph ignores the factors established by the Tenth Circuit for determining whether transfer is appropriate, supplants them with its own, conflates the standard for improper venue under Section 1406 with that for transfer under Section 1404, and raises arguments directly contrary to established law.

As demonstrated in Zoom's opening brief and below, the Northern District of California is clearly more convenient under the applicable private and public interest factors. Zoom's motion should therefore be granted.

## II. THE COURT SHOULD TRANSFER THIS MATTER TO THE NORTHERN DISTRICT OF CALIFORNIA

### A. Cyph Repeatedly Relies on Incorrect Legal Standards

Throughout its motion, Cyph recites—and urges this court to apply—legal standards inapplicable to this transfer motion brought under 28 U.S.C. §1404. It contends, for example, that Zoom's motion should be denied because "it has a regular place of business and has a number of employees working in Zoom's facility in this district." Opp'n at 1. But that is the standard for seeking transfer for *improper* venue under Section 1406; it is irrelevant to a motion for transfer under Section 1404.

Cyph also argues that Zoom must establish that "it would be subject to oppressive and vexation [sic] litigation in this District." Opp'n at 2, 11. But that language is drawn from the standard for dismissal for *forum non conveniens*. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Cyph neglects to mention the very case it cites explains that "§ 1404(a) transfers are different than dismissals on the ground of *forum non convenience*" because that "statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Id.* at 240-41. In any event, the law does not place any such onerous burden on a party seeking transfer under Section 1404. Instead, the movant need only "establish[] that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

Cyph additionally ignores most of the factors laid out by the Tenth Circuit for determining whether the Northern District of California is more convenient, instead conflating

2

them with the standard for improper venue and—at times—injecting factors of its own. As detailed in Zoom's opening brief, the correct factors are:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and, [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler*, 928 F.2d at 1516. As demonstrated below, all but one of these factors either favors transfer or is neutral. The final factor, Cyph's choice of forum, is afforded little weight because it is undisputed that Cyph has no connection to Colorado. *Anza Tech. v. Xilinx, Inc.*, No. 17-cv-0687-WJM-STV, 2017 WL 4864947, at *3 (D. Colo. Oct. 27, 2017) (citations omitted). As such, the *Chrysler* factors strongly favor transfer to the Northern District of California.

### B. The Accessibility of Witnesses—the Most Important Factor—Strongly Favors Transfer to the Northern District

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (citation omitted). Zoom has submitted a sworn declaration demonstrating that every likely Zoom witness—including witnesses knowledgeable about the development, operation, marketing, and financials of the accused products—is located either in the Northern District of California or nearby in Los Angeles. Zoom has not identified a single likely witness in Colorado—and, contrary to Cyph's suggestion, nor has it identified any likely witnesses in China.

For its part, Cyph has identified no witnesses whatsoever in Colorado, nor any specific individuals for whom Colorado would be a more convenient venue than the Northern District of

3

California.  Indeed, Cyph does not identify *any* of its own party witnesses or third-party witnesses, much less provide any factual support for its claim that the Northern District would be inconvenient for those witnesses.  *See BioSpyder Technologies, Inc. v. HTG Molecular Diagnostics, Inc.*, 2021 WL 242866, *4 (N.D. Cal. 2021) (discounting purported witnesses for which plaintiff had not provided any declarations regarding convenience concerns).  Rather, it speculates, without any factual basis, that there must be *some* (unidentified) witness in Zoom's Denver office with knowledge of the accused products.  But Cyph has not identified any engineers in Colorado that worked on Zoom's End-to-End Encryption (E2EE), nor anyone else in Colorado with knowledge of any facts pertinent to this case, much less any that would be likely witnesses.  And mere speculation alone is not sufficient to support such a claim. *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("[T]he court will not consider the convenience of unidentified witnesses."); *see In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *5 (Fed. Cir. Sept. 27, 2021) (merely listing potential witnesses without indicating with specificity the relevant evidence those witnesses would offer "did not buttress [plaintiff's] claim for retaining the case in the [present district].").

Cyph attempts to deflect from this fact by pointing to Zoom employees in New York and China that it speculates may have some information relevant to this case.  Yet Cyph has provided no factual support for this speculation.  While it claims that Zoom's E2EE technology was acquired from a third-party, Keybase, it provides no evidence that this is the case.  Instead, the public reports to which it cites discuss the acquisition of Keybase as a way to bolster Zoom's *own* E2EE offering. *See* ECF No. 20-6.  In any event, Cyph ignores that many of the former Keybase team members who now work at Zoom are located on the West Coast, in or near the

4

Northern District of California.[1]  Cyph's speculation regarding Chinese-based employees is also entitled to no weight because it has identified no individuals in China knowledgeable about Zoom's E2EE technology.  Even had Cyph identified Zoom witnesses located in New York or China, the Federal Circuit has "emphasized that when there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer."  *Google LLC,* 2021 WL 4427899, at *4; *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."); *In re Genentech, Inc.,* 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("Because a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within [this district], the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.").

Cyph appears to argue that if one party is inconvenienced, both must be.  But that is not the law.  The law instead asks the court to determine "the relative convenience for and cost of attendance of witnesses" between the two forums.  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021) (citing *In re Genentech, Inc.,* 566 F.3d 1338, 1343 (Fed. Cir. 2009)).  For the witnesses that have been identified in this case, the Northern District of California is far and away the more convenient forum.  And even if there *were* evidentiary support for Cyph's assertion that there are relevant witnesses on the East Coast (as noted above, there is not), Cyph's suggestion that witnesses on both coasts should be required to travel to Colorado (ostensibly because it is a "central" location) merely inconveniences both—and is contrary to Federal Circuit

---

[1] *E.g.,* https://www.linkedin.com/in/songgao (Bay Area); https://www.linkedin.com/in/merry-ember-mou-0781204a (same); https://www.linkedin.com/in/jeremy-stribling-94b60455 (same).

law. *See Genentech*, 566 F.3d at 1344. (finding that where witnesses were located on coasts or other continents but not in transferor district, "the district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue.")

All of Zoom's likely witnesses are in California, and neither party has identified any likely witnesses in Colorado. As such, this factor strongly favors transfer.

### C. The Accessibility of Evidence Favors Transfer to the Northern District

In addition to its failure to identify any relevant witnesses located in Colorado, Cyph fails to identify any relevant documents stored in this District. It also concedes, as it must, that it is the location of Zoom's documents that is most relevant. *Id.* at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). Notwithstanding these concessions, Cyph asserts that the location of electronic documents is irrelevant if they can be accessed in the cloud. Cyph provides no legal basis for this contention, however, and the Federal Circuit has flatly rejected it, —finding it clear, reversible error to discount the physical location of electronic documents. *In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *4 (Fed. Cir. Oct. 13, 2021) ("While electronic storage makes documents more widely accessible than was true in the past, the fact that documents can often be accessed remotely does not render the sources-of-proof factor irrelevant.") (citation omitted); *Genentech*, 566 F.3d at 1345-46. As explained in Zoom's motion, the documents most relevant to this case are all located in databases maintained by Zoom personnel out of its San Jose office. Mot. At 7; *see In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021) (district court erred in suggesting that defendant could overcome inconvenience by creating credentials to allow employees in the Western District of Texas to access electronic information). This factor thus strongly favors transfer.

### D.      Costs Favor Transfer

"The factor considering costs relates to the factor concerning witness convenience, in that the cost for witnesses located in [the Northern District of California] to attend proceedings in Colorado will obviously be greater than costs incurred if the same witnesses attend proceedings in [the Northern District]."  *Genetic Tech., Ltd. v. Agilent Tech., Inc.*, No. 11-cv-01389-WJM-KLM, 2012 WL 1015355, at *10 (D. Colo. Mar. 23, 2012).  Just as requiring both parties to travel to Colorado would inconvenience both, it would also greatly increase the overall costs of the litigation.  *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (noting "significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away at work") (citation omitted); *Sackett v. Denver & Rio Grande W.R.R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985) (finding expense of transporting witnesses 500 miles as "more than negligible").

Cyph suggests that this factor should be ignored given that hearings can be conducted remotely.  But this ignores that courts still tend to conduct important proceedings (Markman and dispositive motion hearings, jury trials) in person—and that, for such in person proceedings, it is much costlier to conduct those in Colorado than in the Northern District of California given the substantial concentration of witnesses and sources of proof in California.  This factor thus favors transfer.

### E.      Zoom's Strong Contacts With the Northern District, and Lack of Any Relevant Contact with Colorado, Favors Transfer

Zoom was founded in the Bay Area, and its San Jose headquarters remains its largest office and overall center of gravity.  ECF No. 18-1, ¶ 6.  All of Zoom's core technical operations are based in San Jose, as are the management teams for its financial, legal, research and development, and sales and marketing operations.  *Id.* at ¶ 12.  While Zoom maintains an office

in Denver, the uncontroverted evidence demonstrates that this is a sales-focused office and that its employees do not have any knowledge uniquely relevant to this case.  As such, the mere fact that Zoom maintains an office in Colorado is irrelevant because the facts giving rise to this dispute did not occur there.  *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (holding that the district court "misapplied the law to the facts" when it "heavily weigh[ed]" the defendant's "general contacts with the forum that are untethered to the lawsuit."); *In re Google LLC*, 885 F. App'x 767, 768 (Fed. Cir. 2021) ("Google's mere presence in the Western District of Texas insofar as it is not tethered to the events underlying the litigation is not entitled to weight in analyzing the local interest factor in this case.").

Cyph accuses Zoom of misrepresenting the focus of its Denver office, identifying what it purports to be engineering job listings located in the Denver office.  However, only two of the job listings are actually based in the Denver office—and both are *IT* jobs, rather than engineering positions. [2]  And, notably, neither job listing has anything to do with the accused E2EE functionality.  *See* ECF No. 20-5.  The remainder of the jobs Cyph relies on are clearly advertised as "Remote" jobs—which on the face of Cyph's cited exhibits are *not* resident in the Denver office and can be performed *anywhere*.  *Id.* at 16-30.

In short, Cyph has not identified a single researcher or engineer based in Zoom's Denver office that has worked on the accused E2EE functionality—nor can it do so.  This factor thus strongly favors transfer.  *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021)

---

[2] These job listings are thus completely consistent with Zoom's description of its Denver office in its opening brief, which noted that:  "While there are sales, commercial, and *IT support teams* located in Zoom's Denver office, all of these teams report up to members of management in San Jose."  Mot. at 3 (emphasis added).

(transfer favored because most, even if not all, of the underlying research, design, and development of the accused products centered on activity within the transferee venue).

### F. Cyph's Complete Lack of Any Contacts with Colorado Gives Its Choice of Forum Little Weight

Cyph asserts that this District was "dictated by law," but that is both incorrect and belies Cyph's confusion as to the applicable standard. Specifically, it is undisputed that venue is proper in the Northern District of California, so Cyph's decision to file in this district was in no way "dictated by law." And the mere fact that a plaintiff *may* bring a case in a particular venue does not mean that the venue is necessarily the most appropriate to hear the matter. Were this the case, Section 1404 would be superfluous. Zoom seeks transfer not on the basis that venue is *improper* in Colorado, but because the Northern District of California is more convenient under the *Chrysler* factors.

Cyph not alleged that it has any connection whatsoever to Colorado, and the Tenth Circuit has explained that little weight is given to a plaintiff's choice of forum "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Anza Tech.*, 2017 WL 4864947, at *3 (citation omitted); *see also Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1229-30 (D. Colo. 2005).[3]

---

[3] Cyph's suggestion that the case should remain here because this is "one of the few districts that have promulgated special rules for the conduct of Patent Proceedings" is both irrelevant to this factor, and not a distinction with the Northern District of California, which was the first district in the country to promulgate such rules, and has an extensive body of case law interpreting them. *See* N.D. Cal. Patent Local Rules, https://www.cand.uscourts.gov/rules/patent-local-rules/; James Ware and Brian Davy, *The History, Content, Application and Influence of the Northern District of California's Patent Local Rules*, 25 Santa Clara High Tech. L.J. 965 (2012).

### G.  Docket Congestion Favors Transfer

Cyph dismisses the docket congestion factor out of hand, arguing that the median time to trial statistics published by the United States Courts are "properly viewed as irrelevant, or at best, self-serving hyperbole padded with questionable statistical underpinnings." Opp. at 15. But this assertion ignores controlling Tenth Circuit precedent, which holds that "[w]hen evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emps Mut. Cas. Co.*, 618 F.3d at 1169. The Federal Circuit agrees, noting that "what is important is the speed with which a case can come to trial and be resolved." *Apple Inc.*, 979 F.3d at 1343 (citation omitted). Here, the statistics demonstrate that the district more likely to expeditiously resolve this matter is the Northern District of California.

Cyph criticizes Zoom for providing the median time to trial statistics for civil cases generally, rather that limiting the statistical search to only patent matters. But the patent statistics only serve to further support Zoom's request to transfer: In the past 11 years, the Northern District of California has held 63 patent trials, with a median time to trial of approximately 2 years and 4 months; in that same time period, this District has held 9 patent trials, with a median time to trial of approximately 3 years. *See* Declaration of Andrew T. Jones in Support of Defendant's Reply Re Motion to Transfer Venue ¶ 3 & Ex A; *see also Anza Tech.*, 2017 WL 4864947, at *5 (recognizing that the Northern District has a shorter median time to trial in patent cases).

### III.  CONCLUSION

Of the nine factors identified by the Tenth Circuit, five are neutral and three—including the "most important factor"—favor transfer. Only one—Cyph's choice of forum—weighs against transfer, and it is afforded little weight given Cyph's complete lack of connection to this

10

District.  For this reason, Zoom respectfully requests that this matter be transferred to the Northern District of California.

Dated:  January 10, 2022

By:    /s/ Timothy C. Saulsbury
TIMOTHY C. SAULSBURY

Timothy C. Saulsbury
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
E-mail: tsaulsbury@durietangri.com

Andrew T. Jones
Durie Tangri LLP
953 East 3rd Street
Los Angeles, CA 90013
Telephone:     213-992-4499
E-mail:   ajones@durietangri.com

Attorneys for Defendant
Zoom Video Communications, Inc.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2022, I electronically filed a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

cbrundidge@brundidge-stanger.com
david.moore@brundidge-stanger.com
tsaulsbury@durietangri.com
ajones@durietangri.com

*/s/ Timothy C. Saulsbury*
TIMOTHY C. SAULSBURY